1

2

3

4

UNITED STATES DISTRICT COURT
5     WESTERN DISTRICT OF WASHINGTON
            AT TACOMA
6

7  PROBUILDERS SPECIALTY
   INSURANCE COMPANY, RRG, a              CASE NO. C11-418BHS
8  District of Columbia corporation,

9              Plaintiff,                 ORDER DENYING THIRD
                                          PARTY WALKER DEFENDANTS
                                          AND K.R. CONSULTANTS'
10             v.                         MOTION FOR SUMMARY
                                          JUDGMENT
11 TALBITZER CONSTRUCTION, LLC, a
   Washington limited liability company;
12 DANIEL SARANTO and JANE
   SARANTO and the marital community
13 composed thereof; BURLINGTON
   INSURANCE COMPANY, a North
14 Carolina corporation,

15             Defendants.

16 TALBITZER CONSTRUCTION, LLC, a
   Washington limited liability company
17
               Third-Party Plaintiff,
18
               v.
19
   RANDY WALKER and JANE DOE
20 WALKER, husband and wife; K.R.
   CONSULTANTS, LLC, a Washington
21 limited liability company,

22             Third-Party Defendants.

1    This matter comes before the Court on Third Party Walker Defendants and K.R.

2    Consultants, LLC's ("K.R. Consultants") Motion for Summary Judgment (Dkt. 39). The

3    Court has considered the pleadings filed in support of, and in opposition to, the motion

4    and the remainder of the file.  For the reasons stated herein, the Court hereby denies the

5    motion.

6                          **I. PROCEDURAL AND FACTUAL BACKGROUND**

7          In this lawsuit, ProBuilders Specialty Insurance Company, RRG ("ProBuilders")

8    seeks a declaration concerning its insurance coverage for a claim brought against one of

9    its insureds, Talbitzer Construction, LLC ("Talbitzer"), by an injured worker, Daniel

10   Saranto ("Saranto").  *See* Dkt. 1.  The instant motion relates to a third-party claim that

11   Talbitzer filed against certain third-party defendants.  *See* Dkt. 39.  Although the issue

12   before the Court is a narrow one, the factual background is somewhat complex.  The

13   Court recounts below the relevant facts.

14         On or about March 21, 2007, Saranto sustained injuries during a construction

15   accident, when an employee of Columbia River Homes, Inc. ("Columbia") allegedly

16   dropped shingles from a roof, which struck Saranto.  Dkt. 1 at 3-4; Dkt. 39 at 2.  Saranto,

17   who was an employee of a subcontractor on the project, sued Columbia and Talbitzer,

18   among others, in Clark County Superior Court under cause no. 07-2-02429-1 ("*Saranto*

19   suit").  Dkt. 1 at 3-4.  Saranto alleges that Talbitzer, the general contractor on the project,

20   had supervisory authority over the construction worksite.  *Id*.

21         On March 12, 2010, Talbitzer tendered its defense in the *Saranto* suit to

22   ProBuilders under a commercial general liability insurance policy ("ProBuilders policy");

1  and, on March 15, 2010, it further tendered its defense to Burlington Insurance Company

2  ("Burlington") under a policy that Burlington had issued to Columbia ("Burlington

3  policy"). *Id*. at 4.  ProBuilders agreed to defend Talbitzer under full reservation of rights,

4  contending that the ProBuilders policy did not apply to the claims asserted against

5  Talbitzer in the *Saranto* suit. *Id*.  Likewise, Burlington notified Talbitzer that it had no

6  duty to defend or indemnify Talbitzer in the *Saranto* suit under the Burlington policy.[1]

7       On March 10, 2011, ProBuilders filed the instant lawsuit against Talbitzer,

8  Burlington, Saranto and Jane Doe Saranto.  *See* Dkt. 1.  In the complaint, ProBuilders

9  seeks declaratory judgment against all Defendants that the ProBuilders policy does not

10  require ProBuilders to defend any lawsuit or pay any judgment that may be entered

11  against Talbitzer in the *Saranto* suit.  Dkt. 1 at 5.  ProBuilders also claims that it is

12  entitled to equitable contribution from Burlington for the amounts ProBuilders has

13  incurred or may incur in the future in defending the *Saranto* suit.  *Id*. at 5-6.[2]

14       On May 16, 2011, Talbitzer filed a crossclaim against Burlington and

15  counterclaim against ProBuilders asserting that it has coverage under both policies

16  _____

17       [1] The Burlington policy contained an endorsement providing in part that the definition of
insured included "[a]ny person or organization with whom [Columbia has] agreed, in written

18  contract, that such person or organization should be added as an additional insured on your
policy, provided such written contract is fully executed prior to an occurrence in which coverage

19  is sought under this policy." Dkt. 1 at 3.  The subcontractor agreement between Talbitzer and
Columbia provided in part that Columbia must maintain commercial general liability insurance

20  and that this insurance must identify Talbitzer as an additional insured.  *Id*.

       [2] For purposes of this motion, the Court need not address whether or not Talbitzer

21  effectively tendered its defense in the *Saranto* suit to ProBuilders and Burlington under the
respective policies.  Nor need the Court address whether the subcontractor agreement between

22  Talbitzer and Columbia effectively shifts the burden of defending the *Saranto* suit from
ProBuilders to Burlington.

1   implicated in the *Saranto* suit.  Dkt. 12.  In addition, on May 31, 2011, Talbitzer filed a

2   third-party complaint against K.R. Consultants, Randy Walker and Jane Doe Walker

3   (collectively, the "Third-Party Defendants").  Dkt. 20.  Talbitzer contends that the Third-

4   Party Defendants were the insurance agents who recommended the purchase of the

5   ProBuilders policy and that, if the ProBuilders policy does not cover Saranto's claim

6   against Talbitzer, then the Third-Party Defendants are liable to Talbitzer for negligence

7   or breach of contract.  *Id*.

8          On August 17, 2011, Talbitzer filed for Chapter 11 bankruptcy in the United

9   States Bankruptcy Court for the Western District of Washington at Tacoma under Case

10   No. 11-46593PBS.  Dkt. 39 at 3; Dkt. 29 at 2.  Subsequently, Saranto filed a motion for

11   relief from the automatic stay in the bankruptcy proceeding.  Dkt. 39 at 3, 13.  On

12   October 18, 2011, United States Bankruptcy Judge Snyder issued an order lifting the

13   automatic stay.  *Id*. at 4, 26.  In so doing, Judge Snyder ruled that the instant lawsuit

14   could proceed to determine whether ProBuilders has a duty to defend and indemnify

15   Talbitzer in connection with the *Saranto* suit.  *Id*. at 27.  Judge Snyder further explained

16   that all further action against Talbitzer should cease in the event that this Court rules that

17   ProBuilders has no duty to defend or indemnify.  *Id*.  In other words, Judge Snyder

18   allowed the *Saranto* suit to proceed "as long as any claim against the debtor [Talbitzer] is

19   limited to available insurance proceeds, if any."  *Id*. at 27-28.

20          In the instant motion, filed on February 8, 2012, the Third-Party Defendants argue

21   that Judge Snyder's October 18, 2011 ruling effectively eliminates any potential third-

22   party claim by Talbitzer in that Talbitzer will suffer no damage regardless of how this

ORDER - 4

1  Court rules with respect to ProBuilders' coverage policy.  *Id*. at 2.[3]  On March 12, 2012,

2  Talbitzer and Saranto responded by separate briefing.  Dkts. 44-45.  On March 13, 2012,

3  the Third-Party Defendants replied.  Dkt. 47.

## II. DISCUSSION

**A.     Third-Party Complaint, Motion, and Bankruptcy Orders**

6          In its third-party complaint, Talbitzer claims as follows:  If and to the extent that

7  the ProBuilders policy does not provide insurance coverage to Talbitzer with regard to

8  the *Saranto* lawsuit, then such failure and lack of coverage is due to the negligence of,

9  and/or breach of contract by, Randy Walker and K.R. Consultants in regard to the

10  recommendation, selection, brokerage, and purchase of the ProBuilders policy.  Dkt. 20

11  at 4-5.  Talbitzer seeks damages in an amount "includ[ing] the fees and costs incurred by

12  Talbitzer in the litigation with ProBuilders . . . ."  *Id*. at 5.

13          According to its own terms, the third-party complaint will not stand if the Court

14  ultimately rules against ProBuilders in this lawsuit and finds that ProBuilders has a duty

15  to defend Talbitzer in the *Saranto* suit.  Alternately stated, the only scenario in which

16  Talbitzer has a viable third-party claim against Third-Party Defendants is where the Court

17  finds that ProBuilders does *not* have a duty to defend Talbitzer in the *Saranto* suit.

18          Having framed the conditions under which the third-party complaint operates, the

19  Court turns to the instant motion.  In the motion, Third-Party Defendants contend that, in

---

21          [3] On February 22, 2012, the Third-Party Defendants amended the instant motion as to

22  caption only.  *See* Dkt. 40.  For citation purposes, this order refers to the original motion filed on
February 8, 2012 (Dkt. 39).

1   light of Judge Snyder's October 18, 2011 ruling, "Talbitzer will never suffer any

2   damages regardless of how the Court rules with respect to ProBuilders' coverage

3   position." Dkt. 39 at 5. This is so because all claims against Talbitzer "are limited to

4   available insurance proceeds," which means that Talbitzer has no uncovered exposure to

5   the personal injury claim asserted in the *Saranto* suit. *Id*.; Dkt. 47 at 2. Because

6   Talbitzer will suffer no actual damages, Third-Party Defendants contend that the third-

7   party claim against them should be dismissed. Dkt. 39 at 5; Dkt. 47 at 2.

8        In response, Talbitzer concedes that the bankruptcy filing "appear[s] to insulate

9   Talbitzer from monetary losses" related to the *Saranto* suit, "but only to the extent that

10  the Talbitzer bankruptcy plan is confirmed." Dkt. 44 at 4. Without discussing the merits

11  of the underlying motion, Talbitzer contends that it would be premature at this point for

12  the Court to grant the claims against Third-Party Defendants as moot. *Id*. at 3.

13       Saranto makes a similar argument in separate briefing. Dkt. 45 at 3. In addition,

14  Saranto explains that Third-Party Defendants' reliance on Judge Snyder's October 18,

15  2011 order is misplaced insofar as that order was later superseded. Dkt. 45 at 13-15.

16  Specifically, after Third-Party Defendants filed the instant motion, on February 21, 2012,

17  Saranto filed with the bankruptcy court a motion to clarify the October 18, 2011 order.

18  *Id*. at 17-20. In that motion, Saranto argued that "if KR [Consulting] was negligent or

19  otherwise at fault as [Talbitzer] asserts [in the third-party complaint], then [Talbitzer's]

20  bankruptcy estate would have additional 'insurance proceeds' available to satisfy

21  Saranto's claims – those of KR's 'available' insurance proceeds or other available KR's

22  assets." *Id*. at 19-20. For this reason, Saranto asked Judge Snyder to clarify his earlier

1  ruling that limited Saranto's claim against Talbitzer to "available insurance proceeds."

2  *Id*. at 19.

3       Judge Snyder agreed.  In a February 28, 2012 order, he ruled:

4       ONLY claims against the debtor are limited to available insurance
        proceeds.  Claims against third parties or other named defendants in either
5       of the following two cases, *ProBuilders Specialty Insurance Company RRG
        v. Talbitzer Construction Company, LLC et al.* (U.S. District Court Case
6       No. 11-00418 (W.D. WA 2011) or *Saranto v. Columbia River Homes, Inc.
        et al.* (Clark County Superior Court Case No. 07 2 02429 1) are not so
7       limited or protected by this Order or the Debtor's bankruptcy proceedings.

8       Although the Debtor filed a third-party complaint against its insurance
        agent and/or broker in the federal lawsuit alleging negligence and breach of
9       contract claims against them, the Debtor is not obligated or required to
        litigate its claim(s) against third parties or other defendants.

10 *Id*. at 14.

11 **B.**    **Effect of Bankruptcy Order**

12      Although the Court questions whether Saranto has standing to respond to Third-

13 Party Defendants' motion, especially where he has failed to properly intervene, the Court

14 takes notice of Judge Snyder's February 28, 2012 order and finds that this latest order

15 does not bar the third-party complaint from proceeding at this time.  The order

16 specifically holds that "[c]laims against third parties or other named defendants . . . are

17 not so limited or protected by this Order or the . . . bankruptcy proceedings."  *Id*. at 14.

18 The Court reads Judge Snyder's latest order literally to mean that "available insurance

19 proceeds," as contemplated by the original order, include those damages that Talbitzer

20 could hypothetically recover against Third-Party Defendants, even if Talbitzer ultimately

21 has no reason to recover.  Although the Court acknowledges that there is some doubt

22

1  about whether Talbitzer has any uncovered exposure with respect to the *Saranto* suit, the

2  Court cannot find for Third-Party Defendants as a matter of law on this record.  Indeed,

3  the parties have not cited any law that aids the Court on this issue.[4]

4       Moreover, even absent the latest bankruptcy order, the Court shares Talbitzer's

5  concern that any judgment would be premature where the bankruptcy plan has yet to be

6  confirmed.  Third-Party Defendants may re-submit this motion once the plan is

7  confirmed or after the Court conclusively determines the parties' roles and exposure in

8  the ongoing litigation.

### III. ORDER

10       Therefore, it is hereby **ORDERED** that Third Party Walker Defendants and K.R.

11  Consultants' Motion for Summary Judgment (Dkts. 39, 40) is **DENIED**.

12       Dated this 27th day of March, 2012.

BENJAMIN H. SETTLE
United States District Judge

---

[4] Third-Party Defendants argue in length about the contradictory positions that Saranto purportedly took between his original motion for relief from the automatic stay and his motion to amend the bankruptcy court's October 18, 2011 order.  Judge Snyder undoubtedly vetted those concerns and still elected to clarify his earlier order.