UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG, a District of Columbia corporation,<br><br>Plaintiff,<br><br>v.<br><br>TALBITZER CONSTRUCTION, LLC, a Washington limited liability company; DANIEL SARANTO and JANE SARANTO and the marital community composed thereof; BURLINGTON INSURANCE COMPANY, a North Carolina corporation,<br><br>Defendants. | CASE NO. C11-418BHS<br><br>ORDER DENYING THIRD PARTY WALKER DEFENDANTS AND K.R. CONSULTANTS' MOTION FOR SUMMARY JUDGMENT |
| TALBITZER CONSTRUCTION, LLC, a Washington limited liability company<br><br>Third-Party Plaintiff,<br><br>v.<br><br>RANDY WALKER and JANE DOE WALKER, husband and wife; K.R. CONSULTANTS, LLC, a Washington limited liability company,<br><br>Third-Party Defendants. | |

This matter comes before the Court on Third Party Walker Defendants and K.R. Consultants, LLC's ("K.R. Consultants") Motion for Summary Judgment (Dkt. 39). The Court has considered the pleadings filed in support of, and in opposition to, the motion and the remainder of the file. For the reasons stated herein, the Court hereby denies the motion.

## I. PROCEDURAL AND FACTUAL BACKGROUND

In this lawsuit, ProBuilders Specialty Insurance Company, RRG ("ProBuilders") seeks a declaration concerning its insurance coverage for a claim brought against one of its insureds, Talbitzer Construction, LLC ("Talbitzer"), by an injured worker, Daniel Saranto ("Saranto"). *See* Dkt. 1. The instant motion relates to a third-party claim that Talbitzer filed against certain third-party defendants. *See* Dkt. 39. Although the issue before the Court is a narrow one, the factual background is somewhat complex. The Court recounts below the relevant facts.

On or about March 21, 2007, Saranto sustained injuries during a construction accident, when an employee of Columbia River Homes, Inc. ("Columbia") allegedly dropped shingles from a roof, which struck Saranto. Dkt. 1 at 3-4; Dkt. 39 at 2. Saranto, who was an employee of a subcontractor on the project, sued Columbia and Talbitzer, among others, in Clark County Superior Court under cause no. 07-2-02429-1 ("*Saranto* suit"). Dkt. 1 at 3-4. Saranto alleges that Talbitzer, the general contractor on the project, had supervisory authority over the construction worksite. *Id.*

On March 12, 2010, Talbitzer tendered its defense in the *Saranto* suit to ProBuilders under a commercial general liability insurance policy ("ProBuilders policy");

and, on March 15, 2010, it further tendered its defense to Burlington Insurance Company ("Burlington") under a policy that Burlington had issued to Columbia ("Burlington policy"). *Id*. at 4. ProBuilders agreed to defend Talbitzer under full reservation of rights, contending that the ProBuilders policy did not apply to the claims asserted against Talbitzer in the *Saranto* suit. *Id*. Likewise, Burlington notified Talbitzer that it had no duty to defend or indemnify Talbitzer in the *Saranto* suit under the Burlington policy.[1]

On March 10, 2011, ProBuilders filed the instant lawsuit against Talbitzer, Burlington, Saranto and Jane Doe Saranto. *See* Dkt. 1. In the complaint, ProBuilders seeks declaratory judgment against all Defendants that the ProBuilders policy does not require ProBuilders to defend any lawsuit or pay any judgment that may be entered against Talbitzer in the *Saranto* suit. Dkt. 1 at 5. ProBuilders also claims that it is entitled to equitable contribution from Burlington for the amounts ProBuilders has incurred or may incur in the future in defending the *Saranto* suit. *Id*. at 5-6.[2]

On May 16, 2011, Talbitzer filed a crossclaim against Burlington and counterclaim against ProBuilders asserting that it has coverage under both policies

---

[1] The Burlington policy contained an endorsement providing in part that the definition of insured included "[a]ny person or organization with whom [Columbia has] agreed, in written contract, that such person or organization should be added as an additional insured on your policy, provided such written contract is fully executed prior to an occurrence in which coverage is sought under this policy." Dkt. 1 at 3. The subcontractor agreement between Talbitzer and Columbia provided in part that Columbia must maintain commercial general liability insurance and that this insurance must identify Talbitzer as an additional insured. *Id*.

[2] For purposes of this motion, the Court need not address whether or not Talbitzer effectively tendered its defense in the *Saranto* suit to ProBuilders and Burlington under the respective policies. Nor need the Court address whether the subcontractor agreement between Talbitzer and Columbia effectively shifts the burden of defending the *Saranto* suit from ProBuilders to Burlington.

implicated in the *Saranto* suit. Dkt. 12. In addition, on May 31, 2011, Talbitzer filed a third-party complaint against K.R. Consultants, Randy Walker and Jane Doe Walker (collectively, the "Third-Party Defendants"). Dkt. 20. Talbitzer contends that the Third-Party Defendants were the insurance agents who recommended the purchase of the ProBuilders policy and that, if the ProBuilders policy does not cover Saranto's claim against Talbitzer, then the Third-Party Defendants are liable to Talbitzer for negligence or breach of contract. *Id*.

On August 17, 2011, Talbitzer filed for Chapter 11 bankruptcy in the United States Bankruptcy Court for the Western District of Washington at Tacoma under Case No. 11-46593PBS. Dkt. 39 at 3; Dkt. 29 at 2. Subsequently, Saranto filed a motion for relief from the automatic stay in the bankruptcy proceeding. Dkt. 39 at 3, 13. On October 18, 2011, United States Bankruptcy Judge Snyder issued an order lifting the automatic stay. *Id*. at 4, 26. In so doing, Judge Snyder ruled that the instant lawsuit could proceed to determine whether ProBuilders has a duty to defend and indemnify Talbitzer in connection with the *Saranto* suit. *Id*. at 27. Judge Snyder further explained that all further action against Talbitzer should cease in the event that this Court rules that ProBuilders has no duty to defend or indemnify. *Id*. In other words, Judge Snyder allowed the *Saranto* suit to proceed "as long as any claim against the debtor [Talbitzer] is limited to available insurance proceeds, if any." *Id*. at 27-28.

In the instant motion, filed on February 8, 2012, the Third-Party Defendants argue that Judge Snyder's October 18, 2011 ruling effectively eliminates any potential third-party claim by Talbitzer in that Talbitzer will suffer no damage regardless of how this

Court rules with respect to ProBuilders' coverage policy. *Id*. at 2.[3] On March 12, 2012, Talbitzer and Saranto responded by separate briefing. Dkts. 44-45. On March 13, 2012, the Third-Party Defendants replied. Dkt. 47.

## II. DISCUSSION

**A.     Third-Party Complaint, Motion, and Bankruptcy Orders**

In its third-party complaint, Talbitzer claims as follows: If and to the extent that the ProBuilders policy does not provide insurance coverage to Talbitzer with regard to the *Saranto* lawsuit, then such failure and lack of coverage is due to the negligence of, and/or breach of contract by, Randy Walker and K.R. Consultants in regard to the recommendation, selection, brokerage, and purchase of the ProBuilders policy. Dkt. 20 at 4-5. Talbitzer seeks damages in an amount "includ[ing] the fees and costs incurred by Talbitzer in the litigation with ProBuilders . . . ." *Id*. at 5.

According to its own terms, the third-party complaint will not stand if the Court ultimately rules against ProBuilders in this lawsuit and finds that ProBuilders has a duty to defend Talbitzer in the *Saranto* suit. Alternately stated, the only scenario in which Talbitzer has a viable third-party claim against Third-Party Defendants is where the Court finds that ProBuilders does *not* have a duty to defend Talbitzer in the *Saranto* suit.

Having framed the conditions under which the third-party complaint operates, the Court turns to the instant motion. In the motion, Third-Party Defendants contend that, in

---

[3] On February 22, 2012, the Third-Party Defendants amended the instant motion as to caption only. *See* Dkt. 40. For citation purposes, this order refers to the original motion filed on February 8, 2012 (Dkt. 39).

light of Judge Snyder's October 18, 2011 ruling, "Talbitzer will never suffer any damages regardless of how the Court rules with respect to ProBuilders' coverage position." Dkt. 39 at 5. This is so because all claims against Talbitzer "are limited to available insurance proceeds," which means that Talbitzer has no uncovered exposure to the personal injury claim asserted in the *Saranto* suit. *Id*.; Dkt. 47 at 2. Because Talbitzer will suffer no actual damages, Third-Party Defendants contend that the third-party claim against them should be dismissed. Dkt. 39 at 5; Dkt. 47 at 2.

In response, Talbitzer concedes that the bankruptcy filing "appear[s] to insulate Talbitzer from monetary losses" related to the *Saranto* suit, "but only to the extent that the Talbitzer bankruptcy plan is confirmed." Dkt. 44 at 4. Without discussing the merits of the underlying motion, Talbitzer contends that it would be premature at this point for the Court to grant the claims against Third-Party Defendants as moot. *Id*. at 3.

Saranto makes a similar argument in separate briefing. Dkt. 45 at 3. In addition, Saranto explains that Third-Party Defendants' reliance on Judge Snyder's October 18, 2011 order is misplaced insofar as that order was later superseded. Dkt. 45 at 13-15. Specifically, after Third-Party Defendants filed the instant motion, on February 21, 2012, Saranto filed with the bankruptcy court a motion to clarify the October 18, 2011 order. *Id*. at 17-20. In that motion, Saranto argued that "if KR [Consulting] was negligent or otherwise at fault as [Talbitzer] asserts [in the third-party complaint], then [Talbitzer's] bankruptcy estate would have additional 'insurance proceeds' available to satisfy Saranto's claims – those of KR's 'available' insurance proceeds or other available KR's assets." *Id*. at 19-20. For this reason, Saranto asked Judge Snyder to clarify his earlier

ruling that limited Saranto's claim against Talbitzer to "available insurance proceeds." *Id*. at 19.

Judge Snyder agreed. In a February 28, 2012 order, he ruled:

> ONLY claims against the debtor are limited to available insurance proceeds. Claims against third parties or other named defendants in either of the following two cases, *ProBuilders Specialty Insurance Company RRG v. Talbitzer Construction Company, LLC et al.* (U.S. District Court Case No. 11-00418 (W.D. WA 2011) or *Saranto v. Columbia River Homes, Inc. et al.* (Clark County Superior Court Case No. 07 2 02429 1) are not so limited or protected by this Order or the Debtor's bankruptcy proceedings.
>
> Although the Debtor filed a third-party complaint against its insurance agent and/or broker in the federal lawsuit alleging negligence and breach of contract claims against them, the Debtor is not obligated or required to litigate its claim(s) against third parties or other defendants.

*Id*. at 14.

**B.      Effect of Bankruptcy Order**

Although the Court questions whether Saranto has standing to respond to Third-Party Defendants' motion, especially where he has failed to properly intervene, the Court takes notice of Judge Snyder's February 28, 2012 order and finds that this latest order does not bar the third-party complaint from proceeding at this time. The order specifically holds that "[c]laims against third parties or other named defendants . . . are not so limited or protected by this Order or the . . . bankruptcy proceedings." *Id*. at 14. The Court reads Judge Snyder's latest order literally to mean that "available insurance proceeds," as contemplated by the original order, include those damages that Talbitzer could hypothetically recover against Third-Party Defendants, even if Talbitzer ultimately has no reason to recover. Although the Court acknowledges that there is some doubt

about whether Talbitzer has any uncovered exposure with respect to the *Saranto* suit, the Court cannot find for Third-Party Defendants as a matter of law on this record. Indeed, the parties have not cited any law that aids the Court on this issue.[4]

Moreover, even absent the latest bankruptcy order, the Court shares Talbitzer's concern that any judgment would be premature where the bankruptcy plan has yet to be confirmed. Third-Party Defendants may re-submit this motion once the plan is confirmed or after the Court conclusively determines the parties' roles and exposure in the ongoing litigation.

### III. ORDER

Therefore, it is hereby **ORDERED** that Third Party Walker Defendants and K.R. Consultants' Motion for Summary Judgment (Dkts. 39, 40) is **DENIED**.

Dated this 27th day of March, 2012.

*/s/ Benjamin H. Settle*
BENJAMIN H. SETTLE
United States District Judge

---

[4] Third-Party Defendants argue in length about the contradictory positions that Saranto purportedly took between his original motion for relief from the automatic stay and his motion to amend the bankruptcy court's October 18, 2011 order. Judge Snyder undoubtedly vetted those concerns and still elected to clarify his earlier order.