UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PROBUILDERS SPECIALTY INSURANCE COMPANY, RRG,<br><br>Plaintiff,<br><br>v.<br><br>TALBITZER CONSTRUCTION, LLC, et al.,<br><br>Defendants. | CASE NO. C11-418 BHS<br><br>ORDER GRANTING SUMMARY JUDGMENT |
| TALBITZER CONSTRUCTION, LLC,<br><br>Third Party Plaintiff,<br><br>v.<br><br>RANDY WALKER and JANE DOE WALKER, husband and wife, K.R. CONSULTANTS, LLC,<br><br>Third Party Defendants. | |

    This matter comes before the Court on Randy and Jane Doe Walker, husband and wife, and K.R. Consultants, LLC's ("Third Party Defendants") unopposed motion for

ORDER - 1

summary judgment (Dkt. 53). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

On September 13, 2012, Third Party Defendants filed a motion for summary judgment arguing that there is no longer a basis for liability against them. Dkt. 53 at 2. Talbitzer filed no response.

The underlying dispute arises out of a construction accident involving an injured worker, Daniel Saranto. Dkt. 1. Talbitzer Construction LLC ("Talbitzer"), the alleged general contractor on the project at which Saranto's accident occurred, filed a claim relating to Saranto's accident with ProBuilders Specialty Insurance Co., LLC ("ProBuilders"), with whom Talbitzer has a liability insurance policy. *Id.* at 2. ProBuilders filed this lawsuit seeking declaratory relief concerning its insurance coverage. *See* Dkt. 1. In May 2011, Talbitzer filed a third party claim against these Third Party Defendants, asserting that if it does not have coverage under ProBuilder's policy for the Saranto claim, the lack of coverage is allegedly due to negligence or breach of contract by third party defendants. *See* Dkt. 20.

In August 2011, Talbitzer filed Chapter 11 bankruptcy. Dkt. 53-1 at 11-13. On August 9, 2012, Talbitzer's Chapter 11 bankruptcy plan was confirmed. *Id.* Under the plan, the only distributions are to be made to Allowed Claims. *Id.* at 12. Third Party Defendants argue that Saranto is not listed as an Allowed Claim holder. Dkt. 53 at 4. Further, they maintain that they have conferred with counsel for Talbitzer, who has indicated that Talbitzer has no further interest in this lawsuit and does not intend to

pursue this third party claim. *Id.* The latter two contentions are supported by a declaration from the Third Party Defendants' counsel and have not been contradicted by Talbitzer. Dkt. 53-1 at 2.

Rule 7(b)(2) of the Local Rules states that "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit." However, in considering a motion for summary judgment, the motion should not be granted simply because there is no opposition, even if the failure to oppose violated a local rule. *See Henry v. Gill Indus.*, 983 F.2d 943, 950 (9th Cir. 1993). Rather, the moving party must demonstrate the absence of genuine issues of material fact, regardless of whether the party against whom the motion for summary judgment is directed has filed any opposition. *See Cristobal v. Siegel*, 26 F.3d 1488, 1491 (9th Cir. 1994).

Here, the Third Party Defendants filed a motion for summary judgment in which it demonstrates the absence of genuine issues of material fact and Talbitzer has failed to file an opposition. Accordingly, the Court concludes that Third Party Defendants' motion for summary judgment should be granted.

The Court, having considered the pleadings filed in support of the motion and the remainder of the file, does hereby **ORDER** that Third Party Defendants' motion for summary judgment (Dkt. 53) is **GRANTED** and the claims alleged by Talbitzer against Third Party Defendants are **DISMISSED with prejudice**.

Dated this 1st day of November, 2012.

BENJAMIN H. SETTLE
United States District Judge